**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1313
_____

UNITED STATES OF AMERICA

v.

PATRICIA FOUNTAIN,
                                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:12-cr-00155-001)
District Judge:  Honorable Joel H. Slomsky

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 12, 2021

Before:  McKEE, GREENAWAY, JR., and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 13, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Federal prisoner Patricia Fountain appeals from an order of the District Court denying her motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government has filed a motion for summary affirmance. For the following reasons, we will affirm.[1]

In 2013, Fountain was convicted of conspiracy to defraud the United States, filing false claims, and Hobbs Act extortion for her role in a scheme with her co-defendant husband in which she used her knowledge as an employee of the Internal Revenue Service to recruit individuals to file fraudulent tax returns in order to wrongfully claim refunds, which were divided between Fountain and the recruited individuals. Additionally, she extorted recruited individuals who refused to pay her a portion of their tax refunds. For these crimes, she was sentenced to 228 months in prison.

In August 2020, Fountain filed a pro se motion for compassionate release. See generally 18 U.S.C. § 3582(c)(1)(A)(i) (providing that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction"). She argued that her medical conditions rendered her especially vulnerable to COVID-19. These conditions included obesity, concerning blood work levels, high serotonin levels, migraines resulting from adrenoleukodystrophy, cognitive decline, anxiety, depression, panic attacks, and post-traumatic stress disorder. She also alleged that the COVID-19 precautions taken by Alderson Federal Prison Camp were inadequate in that inmates were unable to social

---

[1] Although we have entertained the Government's motion, we remind the Government that such a motion should typically be filed before the appellant's opening brief is due. See 3d Cir. LAR 27.4(b).

distance and were not tested for COVID-19, some staff members did not wear masks, and the prison did not have adequate sanitation supplies or ventilation.

The District Court denied her motion, determining that (1) her medical conditions, even in the context of the pandemic, did not constitute extraordinary and compelling circumstances, and (2) the 18 U.S.C. § 3553(a) factors weighed against her release. Fountain appealed and has filed a brief. The Government seeks summary affirmance.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the District Court's determination that the sentencing factors under Section 3553(a) do not weigh in favor of granting compassionate release. United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (quotation marks and citation omitted).

A district court may reduce a defendant's term of imprisonment "after considering the factors set forth in § 3553(a) . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Those sentencing factors require the courts to consider, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public from future crimes by the defendant, and the need to avoid unwarranted sentencing disparities. 18 U.S.C.

3

§ 3553(a). Compassionate release is discretionary, not mandatory; therefore, even if a defendant is eligible for it, a district court may deny compassionate release upon determining that a sentence reduction would be inconsistent with the § 3553(a) factors. See Pawlowski, 967 F.3d at 330; United States v. Jones, 980 F.3d 1098, 1102 (6th Cir. 2020) (finding no abuse of discretion where "the district court found for the sake of argument that an extraordinary and compelling circumstance existed . . . but that the § 3553(a) factors counseled against granting compassionate release").

The Government argues that the District Court did not abuse its discretion in determining that compassionate release was inconsistent with the Section 3553(a) factors. We agree.

The District Court considered Fountain's assertion that she was a "non-violent, first time, white-collar offender," (Mot. at 2), but properly emphasized the serious nature and circumstances of her offenses, and her commission of several disciplinary infractions while incarcerated, including fighting another inmate. The Court also concluded that Fountain's release would neither reflect the seriousness of her offenses, promote respect for the law, provide just punishment, afford adequate deterrence, nor protect the public from further crimes she may commit, and noted that she had served less than half of her 228-month sentence. The Court concluded also that reducing Fountain's sentence would frustrate the goal of avoiding unwarranted sentencing disparities. We cannot say that the District Court committed a clear error of judgment in its assessment of the Section 3553(a) factors.

Based on the foregoing, Fountain's challenge to the District Court's order does not present a substantial question. We therefore grant the Government's motion and we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.